**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| WILLIAM D. HAMPTON, | :: | CIVIL ACTION NO. |
| Inmate # BOP Reg. 26034-044, | :: | 1:07-CV-2290-RWS |
|     Movant, | :: | |
| | :: | |
|     v. | :: | |
| | :: | |
| FEDERAL CORRECTIONAL | :: | PRISONER CIVIL RIGHTS |
| INSTITUTION, | :: | ACTION (BIVENS) |
| WARDEN GRAYER, et al., | :: | 28 U.S.C. § 1331 |
|     Respondents. | :: | |

**ORDER**

On October 1, 2007, this Court issued an order [2] and judgment [3] dismissing this action, in which Mr. Hampton moved to compel Respondents to provide him access to his legal materials. The Court did so because it was evident from the face of Mr. Hampton's motion-complaint [1] that he had not exhausted the federal Bureau of Prisons' administrative remedy process regarding his claim that he had been denied access to his legal materials for three days. Now before the Court is Mr. Hampton's post-judgment Motion to Compel and Cease & Desist Pursuant to 28 U.S.C. § 2241 [4], which he submitted to this Court on March 1, 2009.

Although Mr. Hampton once again mentions that he has been unable "to gain access to his personal legal paperwork and legal materials" (Mot. [4] at 2), he also

brings a series of claims regarding the conditions in the Special Housing Unit at the United States Penitentiary in Atlanta, Georgia, where he is currently detained, which he did not raise in his prior pleading. Moreover, given the gap of seventeen months between the dismissal of this action and the current motion to compel, and Mr. Hampton's failure to mention the dismissal in his motion to compel, the Court does not construe the motion as a request for reconsideration of the prior dismissal.[1]

Accordingly, the Clerk of Court is **DIRECTED** to remove the Motion to Compel [4] as a pleading in this case and to docket it as a provisional complaint in a new civil rights case, not a habeas corpus action. The Clerk is **FURTHER DIRECTED** to send to Mr. Hampton a 42 U.S.C. § 1983 complaint form[2] and

---

[1] The Court would deny such a request anyway. See Fed. R. Civ. P. 60(b), (c)(1) (providing that motion for relief from judgment, filed more than one year after entry of that judgment, succeeds only if judgment is void under Rule 60(b)(4); its prospective enforcement is no longer equitable under Rule 60(b)(5); or there is some other reason, involving "exceptional circumstances," justifying the "extraordinary remedy" of relief under Rule 60(b)(6), see Rice v. Ford Motor Co., 88 F.3d 914, 919 (11th Cir. 1996)). It is apparent on the face of Mr. Hampton's motion-complaint and motion to compel that none of these conditions is satisfied here.

[2] Although Mr. Hampton's new action will be one brought against a federal agency and its employees under 28 U.S.C. § 1331, the Court understands that the Clerk's Office does not have separate forms for that purpose.

2

financial affidavit, along with a copy of this Order, and to provide Mr. Hampton with the number of his new civil rights case.

Mr. Hampton, in turn, is **ORDERED** to complete, execute, and return the affidavit and complaint form so provided, and to clearly label the latter as an amended complaint in his new case, with the new case number prominently displayed. Mr. Hampton is **ADVISED** that his failure to execute and return the financial affidavit and amended complaint within thirty (30) days of the entry date of this Order may result in dismissal of his newly opened civil case.

**IT IS SO ORDERED** this  31st  day of March, 2009.


**RICHARD W. STORY**
United States District Judge

AO 72A
(Rev.8/82)